## GRANT v. LOWE.

### (Circuit Court of Appeals, Eighth Circuit.   October 24, 1898.)

#### No. 1,051.

**1. APPEAL—FINAL ORDER.**

An order setting aside a sale of the property of a corporation made in disregard of an injunction issued in the same suit is a final order, from which an appeal lies.

**2. CORPORATIONS—SUIT BY STOCKHOLDER FOR DISSOLUTION—FRAUDULENT CONVEYANCE BY CORPORATION PENDENTE LITE.**

In a suit by a stockholder against the corporation and other stockholders and directors to wind up and liquidate the affairs of the corporation on the ground of its insolvency, an injunction was issued restraining the corporation from making a threatened sale of its property. Notwithstanding such injunction, the corporation sold and conveyed its property to other defendants, who were stockholders and in control of its affairs, for an inadequate consideration. On a showing of such fact, the court set aside the sale, and ordered the property reconveyed. The grantee reconveyed the property, but on the same day took a mortgage from the corporation thereon. *Held*, that such facts justified the court in finding that the action of the defendants was in pursuance of a fraudulent scheme to give a preference, and to defeat the distribution of the property by the court according to law in the pending suit, and in setting aside the mortgage, and refusing to decree a lien on the property in favor of the mortgagee for the amount paid by him on the previous sale.

Appeal from the Circuit Court of the United States for the District of Minnesota.

From the record in this case it appears that on and prior to January 4, 1896, an action was pending in the circuit court of the United States for the district of Minnesota against the Pioneer Threshing Company, a Minnesota corporation, and against Donald Grant, the appellant, and certain other persons, who were either stockholders or directors of the threshing company, the object of which was to restrain the defendants, as stockholders and directors of the threshing company, from making a certain unlawful and fraudulent disposition of the corporate property which was at the time threatened, and to wind up and liquidate the affairs of the corporation on the ground of its insolvency. The action in question was commenced by Henry B. Lowe, the appellee, who was also a stockholder of the threshing company, and in said suit an injunction had been obtained on December 5, 1895, against the defendants, restraining them from buying the stock of certain shareholders of the threshing company, and paying for the same by a conveyance to them of the plant, machinery, and assets of said company, and from granting a perpetual and exclusive shop right to manufacture certain articles under certain patents belonging to the threshing company, which was the wrongful act complained of, and threatened to be done by the defendants. 70 Fed. 646. Notwithstanding the pendency of such suit and said injunction, the defendants therein, who were at the time in control of the corporation, on January 4, 1896, not only granted a perpetual shop right to manufacture articles under said patents within the state of Minnesota, but also sold all the property of the corporation, consisting of personalty and realty, to one George W. Frey, who was a stockholder of the company, for the sum of $5,000. The realty thus sold was conveyed by the Pioneer Threshing Company, by direction of said Frey, to Donald Grant, the appellant, who was also a stockholder of the threshing company. The court in which said suit was pending, on being advised of the aforesaid sale, made an order, on January 31, 1896, directing that the sale be set aside and annulled, and commanding that the property sold and conveyed as aforesaid be immediately restored to the threshing company. No appeal was taken from this order, but, in pretended compliance therewith, Grant conveyed the real property which he had acquired to the threshing company by a quit-

claim deed, dated May 6, 1896. On the same day, however, the threshing company executed an instrument in the nature of a mortgage on the same property, in favor of Grant, to secure the payment of its note in the sum of $4,500, which was also executed in favor of the appellant. This mortgage was filed for record on May 7, 1896, in Rice county, Minn., where the realty was situated. On May 7, 1896, the court in which the suit was pending appointed one C. H. Maxcy temporary receiver of all the property and effects of the Pioneer Threshing Company, with full equity powers. After the discovery of the mortgage in favor of Grant which had been executed as aforesaid, the complainant below filed a supplemental bill in the original suit to compel a cancellation of the mortgage, charging, in effect, that the corporation was not indebted in any manner or form to Donald Grant, the mortgagee, and that said mortgage and promissory note were executed with the sole intent and for the sole purpose on the part of said Grant and other defendants of cheating and defrauding the defendant corporation, and of avoiding the effect of the orders of the court in the action which was then pending, and of incumbering and placing beyond the reach of the temporary receiver of said corporation thereafter appointed all the real property of the defendant company. The case came on for final hearing upon the original and supplemental bills, and upon such hearing the court, among other things, decreed that the mortgage in favor of Grant be set aside, canceled, and annulled. It also adjudged and decreed that the affairs of the corporation be wound up and liquidated in consequence of its insolvency, and that the temporary receiver, C. H. Maxcy, theretofore appointed, be vested with the title to all the corporate property, and that he proceed to dispose of the same, subject to the direction of the court, for the purpose of paying and discharging all the corporate indebtedness. The case is before this court on an appeal taken by Donald Grant from such decree.

George N. Baxter, for appellant.

L. A. Merrick, for appellee.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The questions to be considered on this appeal relate to the action which was taken by the trial court under the supplemental bill. It is not denied that the lower court properly entertained the original bill, and properly granted the relief therein prayed for, which consisted of a decree enjoining the defendants from making a threatened unlawful disposition of the property of the Pioneer Threshing Company, and which also adjudged that the business of the corporation should be wound up and liquidated on the score of its insolvency; but it is said that the court erred in decreeing the cancellation of the note and mortgage in favor of Grant which were executed on May 6, 1896, and that it also erred in failing to provide that said mortgage should stand as a security for the money that had been paid for the property at the sale made by the Pioneer Threshing Company on January 4, 1896, even though said sale was fraudulent and wrongful. In behalf of the appellant it is said that these are the only errors of which complaint is made, and it is apparent, we think, that they are the only errors discussed in the brief which are distinctly specified in the assignment of errors. It will be necessary, therefore, to consider, in the first place, whether the trial court was justified in decreeing the cancellation

of the mortgage in favor of Grant, and with respect to that question there seems to be little room for controversy. The trial court concluded that the mortgage was made in pursuance of a studied attempt to defeat its orders in a case lawfully pending before it, and over which it had acquired full jurisdiction. It was of the opinion, in view of the evidence, that the particular object which the defendants below had in view in executing the mortgage in favor of Grant was to nullify the effect of its order made on January 31, 1896, requiring Grant to restore the property covered by the mortgage to the Pioneer Threshing Company, and that during the progress of the litigation the aim of the defendants had at all times been to make an unlawful distribution of the property of the threshing company among certain of its shareholders, notwithstanding the pendency of the proceeding which had been brought to compel a liquidation of its affairs in a lawful manner.

We are of the opinion, after a careful perusal of the record, that these conclusions of the trial court were correct. The sale that was made by the Pioneer Threshing Company to George W. Frey on January 4, 1896, of all its property and effects, had a tendency to place the property beyond the reach of judicial process, and to embarrass the court in granting such relief in the pending suit as it might ultimately deem necessary or proper. It is a fair inference, from what was done, that the purpose of the defendants in making the sale was to nullify the action of the court in the pending controversy, and to make, in effect, such a disposition of the property as the defendants had resolved to make before that suit was instituted. Moreover, the sale was made by the directors of the company, to one of their own number, for a sum which was known to be not more than one-half of the actual value of the property; and, as was well observed by the trial judge, the sale was for that reason unlawful and fraudulent. In view of these facts, we have no doubt that it was the right and duty of the court to set aside the sale of January 4, 1896, and that it had full power, by an order made in the action which was then pending, to adjudge and decree that the property sold should be forthwith restored to the corporation. The persons upon whom such order operated, to wit, Frey and Grant, were defendants to the original bill of complaint; and for that reason they were subject to the jurisdiction of the court, and to all orders that might be made in that case. We think, therefore, that when the court became satisfied that the sale was fraudulent, and had been made with a view of embarrassing its future action, it was its duty to adjudge and decree that the sale be set aside, and that so much of the property as was at the time in the possession of any of the defendants to the suit should be forthwith restored to the corporation. No appeal was taken from the order directing a restitution of the property, although it was a final order which definitely settled a controversy with respect to a collateral matter, from which an appeal might have been taken, if the defendants had so desired. Standley v. Roberts, 19 U. S. App. 407, 8 C. C. A. 305, and 59 Fed. 836. Instead of appealing from the order, the defendants assented thereto, and made a pretense of complying

therewith. It is apparent, however, that the order contemplated a restoration of the property to the corporation in such a manner that it might be held by the corporation, and dealt with by the court, through the agency of a receiver or otherwise, as it might have been dealt with if the unlawful sale had not been made; but it was not restored to the corporation in that manner. In place of reconveying the property to the corporation, so that it could be dealt with as formerly, it was reconveyed, and at the same time incumbered with a mortgage lien in the sum of $4,500. This method of obeying the order was not in accordance with its terms, but was in plain violation of its spirit and purpose. Besides, the conduct of the defendants in executing a mortgage upon the realty contemporaneously with the conveyance of the same to the corporation, and without obtaining leave of court to place such an incumbrance upon the property, affords further evidence of an intent on the part of the defendants to evade the orders of the court and obstruct its future action. We are of opinion, therefore, that the trial court was justified in setting aside the mortgage of May 6, 1896, and that it had the same power to annul that conveyance which it had to vacate and annul the previous sale of the property of the corporation to one of its directors.

In view of what has already been said, it follows, we think, that the appellant's second contention is without merit, and that he has no legal ground for complaint because the trial court refused to decree that the mortgage in question should stand as a security for the purchase price which the appellant had paid to the threshing company at the sale of its property on January 4, 1896. The amount of money so paid by the appellant to Frey, or to the threshing company, appears to have been in the neighborhood of $2,350. The trial court held that inasmuch as all of the defendants, including the appellant, had joined in a fraudulent scheme to acquire the property of the threshing company, and thereby prevent it from being dealt with according to law in a suit which had been instituted for that purpose, no obligation rested upon it to see that the money advanced in aid of such a scheme was refunded, or at least that no obligation rested upon the court to decree a specific lien on any of the corporate property to secure the repayment of money that had been so advanced. We do not understand that the decree of the lower court prevents the appellant from having an allowance against the Pioneer Threshing Company for the amount of his claim, the same to be paid, as any other debt of the company, when its assets have been reduced to cash, and the time for the payment of its debts shall have arrived. If the decree went to the extent last indicated (that is to say, if it denied him the right to any relief as against the assets of the insolvent company in the further progress of the case) it would probably be erroneous. But, as it simply denies the appellant's right to a specific lien on the mortgaged property for the amount of his demand against the threshing company, we think it is unobjectionable. The property of the company was, in effect, in custodia legis on January 4, 1896, when the sale took place. The attempt on that day made to sell it without

leave of court, and by that means to withdraw it from judicial custody, was wrongful and fraudulent. When, therefore, the attempt to defeat the jurisdiction of the court over the subject-matter of the controversy was discovered, it was the right and duty of the court whose jurisdiction over the property had thus been ignored to require that it should be restored to the corporation in such manner that it could be dealt with in the further progress of the case as it might have been if no sale of the property had been attempted. We think that the trial court properly ignored the appellant's claim to a lien on the mortgaged property, as one which rested upon no equitable foundation, and that its decree should be in all things affirmed. It is so ordered.